Ferdon v. Jones.

declared valid in one part, even if a strict construction of the other might otherwise affect its validity.

When parol leases for three years were valid, this same provision was in force, and was not considered as applicable to such leases, and there can be no reason now for applying it to leases for one year.

My conclusions are, that the referee erred in his report. The same must be set aside, and the case sent back to him, with directions to open the case and receive such further testimony as may be offered by either party, and report thereon.

Ordered accordingly.

---

JOHN FERDON *v.* ABNER JONES and CHARLES E. QUINCEY.

Where goods are sold upon an agreement to take a note of a third person in payment, and delivered after receiving the note, the vendor has no right, if the note is not paid at maturity, to return it and demand payment for the goods from the purchaser.

Where a note is given by the maker to the payee, in reliance upon a promise by the latter to deliver stock for it at a future day, and the payee passes the note, before its maturity, to a third person, either to pay a precedent debt or for a contemporaneous consideration, the note may be recovered from the maker, although the person to whom it has been transferred had notice, before he received it, that it was originally given on the promise to deliver stock, and that such promise remained at that time unfulfilled.

ONE Bedell made a promissory note for $1,698, and delivered it to one Searls, to be used for the payment of a debt which the latter owed to Jones, one of the defendants in this case.   Searls obtained the note from Bedell, the maker, upon a promise to transfer to him therefor certain stock.   Without performing this promise, Searls gave the note, before its maturity, to Jones, who received it with notice that it had been procured from the maker upon the promise above mentioned, and that such promise remained unfulfilled.

Subsequently, the plaintiff in this suit delivered to the defendants, on their joint account, two hundred thousand bricks, under a special contract, whereby he had agreed to furnish

four hundred thousand in all, and to take the note above described in payment.   After the first two hundred thousand were delivered, as stated, Jones, on behalf of himself and his co-defendant, Quincey, gave the promissory note in question to the plaintiff before it became due, who received it expressly in payment for the whole four hundred thousand bricks contracted for.   The plaintiff's expenses in cartage were paid by the defendants in cash.

The note matured, and was not paid.   The plaintiff took no steps to enforce its payment, but filed a notice of claim, as a material man, for the value of the bricks delivered, and proceeded against the defendants, pursuant to the provisions of the mechanics' lien law of 1851, as owners of the buildings in the erection of which the bricks were used.   Issue was joined and pleadings served, according to the practice under the act referred to.   On the trial the plaintiff offered to return the note, and tendered it to the defendants.

The cause was referred to PHILO T. RUGGLES, Esq., who reported in favor of the defendants.   From a judgment for costs, entered upon his report, the plaintiff appealed.

*Wm. C. Carpentier* and *J. W. Gilbert*, for the plaintiff, made and argued the following points :

I. In this state, the rule is, that unless otherwise specially agreed, the taking of a promissory note, either of the debtor or a third person, for a pre-existing debt or a contemporaneous consideration, is *prima facie* a conditional payment only, that is, payment only if it is duly paid at maturity.   (Story on Promissory Notes, §§ 104, 404, 438, and cases cited in notes ; *Hays* v. *Stone*, 7 Hill, 130 ; *Elwood* v. *Diefendorf*, 5 Barb. S. C. R. 408 ; Chitty on Bills, 9th ed. 244 ; *Muldon* v. *Whitlock*, per Sutherland J., 1 Cow. 306 ; *Johnson* v. *Weed*, 9 J. R. 310 ; *Schermerhorn* v. *Loines*, 7 Ib. 311 ; *Tobey* v. *Barber*, 5 Ib. 71.)

II. Such special agreement is set up in the answer, but is not proved.   The acts and declarations of the plaintiff, given

in evidence by the defendants, are insufficient to destroy the presumption, that the note of Bedell was received as a conditional payment only.

III. The bricks were delivered to be paid for in cash. (Testimony of Bedell.)

IV. The note of Bedell was not valid in the hands of Jones. Jones was privy to the transaction in which the note originated, and concealed it from the plaintiff, and he thereby perpetrated a manifest and gross fraud on the plaintiff. On this ground the plaintiff is entitled to recover.

V. Jones, by implication, warranted that he was a lawful holder, and had a just and valid title to the note and a right to transfer it by delivery; and that he had no knowledge of any facts impairing or destroying the validity of the note. This warranty having been broken, the plaintiff is entitled to recover. (Chitty on Bills, 244, 247; *Fenn* v. *Harrison*, 3 T. R. 759; Story on Promissory Notes, § 118.)

VI. A new trial should be granted, and the order for a reference vacated, so that the cause may be tried before a jury.

*Theodore Romeyn*, for the defendants, made and argued the following points:

Not only is there sufficient evidence to sustain the finding of the referee that the note of Bedell, for $1,698, had been taken in full payment for the bricks, but there is no evidence showing the contrary, or that there was any fraud in the transaction.

I. There is full proof that Ferdon took the note in payment for the 400,000 bricks. 1st. He held the note through Jones' agency and without Jones' endorsement. This affords a presumption that it was taken in payment. (*Whitbeck* v. *Van Ness*, 11 John. 409; *Breed* v. *Cook*, 15 John. 241.) 2d. The amount of the note about equalled the value of the bricks, with a reasonable allowance for the credit implied by the time required for its maturity. There were 400,000 bricks,

Ferdon v. Jones.

worth about $4 per M. 3d. The fact that Jones paid cash for hauling the bricks and for the front bricks, affords a presumption that the other bricks were paid for in some other way; and the possession of Bedell's note by the plaintiff affords a reasonable and probable explanation of the mode of payment. 4th. The testimony of George Clark and of John Clark is positive and full. 5th. There is no testimony contradicting this, because—First. Murray swears only to a preliminary conversation in October, and not to the consummation of the contract, which—as appears by George Clark's testimony—was in November. Second. Bedell swears that he did not know what were the final arrangements between the parties; and it is evident that his conversation with Jones took place while the latter held the note, and before it was given to Ferdon.

II. There was no fraud nor misrepresentation as to the note. 1st. Bedell, the maker, is shown to be a responsible man. 2d. The note in Jones' hands was collectible and without defence. First. It was given on Searl's agreement to deliver stock the next day. This was a good consideration for it. It was like an exchange of notes. Bedell might have sued Searl for the stock the next day. Second. Bedell recognized Jones' title to it, and promised to pay it; and it is plain that he did not pay it only because he found it inconvenient to raise the money, and not because he denied his liability. 3d. Ferdon, holding the note through Jones and before maturity, had all of the latter's rights to enforce the note. 4th. If Ferdon had no notice of the consideration of the note, then certainly his rights to collect it were perfect. 5th. If he had such notice, then certainly he cannot set up fraud. If he had not notice, then, " *caveat emptor*," he took it at his own risk. At all events, he had notice enough to put him upon inquiry.

III. Even if there be any ambiguity about the evidence, there is abundant ground for sustaining the referee's report. It is evident that this plaintiff, knowing Bedell, took the note because he obtained a high price for his bricks. Failing to get

the money on it, he violated his own agreement, delivered but a part of the bricks, and thought, through the annoyance of proceedings under the lien law, to get rid of the note and extort payment in cash.

By the Court. Ingraham, First J.—The claim of the plaintiff arises under the mechanics' lien law. The defendants were owners of lots on Thirty-fifth-street, and the bricks furnished by the plaintiff were delivered at said premises in November, 1851, amounting in number to 200,000. On the 12th of January, 1852, the necessary papers to create a lien were filed with the county clerk.

On the part of the defence it was alleged, that the plaintiff agreed to furnish 400,000 bricks, while he had only delivered half that number, and refused to deliver the residue, and that the defendants had paid for the whole number, by the note of one Bedell, for $1,698.

Upon the trial of the cause, before the referee, it appeared that two hundred thousand bricks were delivered, as above stated, and their value was proved.

The defendants also proved that they had paid $150 for the hauling of the bricks. The plaintiff, on the trial, produced the note of Bedell for $1,698, and offered to return it to the defendants. They further proved the admission of the plaintiff, that he had taken the note from the defendants in payment for the bricks.

Bedell, the maker of the note, testified that he gave it to one Searls, who wanted it to pay Jones what he, Searls, owed him. That he, Bedell, gave the note upon the understanding that he was to have stock for it, from Searls, the next day, which was never transferred to him. Notice of the failure to transfer the stock was repeatedly given to Jones, who insisted that he had given value for the note.

The referee found for the defendants, and found specially that the plaintiff contracted to furnish 400,000 bricks for the note, and had only delivered half the number.

Upon a question of fact, such as this is, where the evidence

is sufficient to sustain the finding of the referee, we would not disturb the report, although we might differ in opinion with the referee.

The admission of the plaintiff, as proved in this case, if it stood alone, would sustain the report. Whether the other testimony was sufficient to overbalance that admission, was a question for the referee to decide.

Nor can I come to the conclusion that the referee has erred upon the facts. The evidence, I think, sufficiently establishes that the agreement was to give the note in payment for the bricks, and this agreement was made before the delivery took place.

The cases cited, on behalf of the plaintiff, to show that he could return the note and recover the value of the bricks, are cases where a note was given for a precedent debt, and in which it was holden that such debt was not paid unless there was an express agreement to receive the note in payment. (1 Cow. 306; 7 J. R. 311; 7 Hill, 130; 5 Barb. S. C. R. 408, and others.)

But such a rule is not applicable to an express agreement to sell goods for a particular note. In such case the delivery of the note is a full payment of the debt, and whether the note is afterwards paid or not, the vendor cannot rescind his contract by returning the note and claiming the value of the goods sold.

It may be material to this case to decide whether, in the hands of Jones, the note was founded on a sufficient consideration. It was given with the knowledge of all the parties without consideration at the time, but upon a promise to give stock for it at a future day. If Searls was indebted to Jones, and the note was made to enable Searls to pay Jones, then it was applied as the parties agreed, and the default of Searls in not furnishing the stock would not render void the note in the hands of Jones. The plaintiff proved, by Bedell, the declaration of Jones, that he had given a valuable consideration for it; and as there is no evidence to contradict this statement, it cannot be considered as a note without con-

sideration.   In addition to this, Bedell stated that he told Jones he would not object to paying him the note, as he had given a consideration therefor.   No fraud was perpetrated on the plaintiff, because Bedell says he had told Ferdon of this before the brick transaction.

I am of opinion that the referee's report was correct, and the judgment should be affirmed.

Judgment affirmed.